IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


SYLVIA SHARP,

    Plaintiff,

vs.                                        Case No. 4:10cv374-RH/WCS

FEDERAL BUREAU OF PRISONS,
et al.,

    Defendants.

_____/


## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, filed an amended civil rights action on September 23, 2010, doc. 6, and service was directed on the seven named Defendants on November 16, 2010.  Doc. 12.  Service was returned unexecuted on three of the Defendants (Butts, Caldwell, and Hanley), doc. 14, and stating that two of those Defendants have retired and Defendant Butts was transferred.  *Id.*  An order was entered on January 21, 2011, directing the Warden to advise whether a last known address for those three Defendants could be provided in confidence to the United States Marshals service.  Doc. 19.  No response to that order was filed, but a limited notice of appearance has been filed, and all seven Defendants filed a motion for judgment as a matter of law in

favor of the Defendants, asserting that Plaintiff failed to exhaust administrative remedies. Doc. 24.

An order was entered on March 14th directing Plaintiff to respond to the motion. Doc. 25. Plaintiff was given until April 15, 2011, to respond and directed that if she did *not* agree that she had failed to exhaust administrative remedies, she should submit copies of all grievances she filed concerning the events raised in this case. *Id.* If Plaintiff agrees that she did not exhaust administrative remedies, Plaintiff may simply file a notice of voluntary dismissal under FED. R. CIV. P. 41. *Id.* Finally, Plaintiff was advised that pursuant to the local rules of this Court, failure to file a response may be sufficient cause to grant the unopposed motion. N.D. Fla. Loc. R. 7.1(C)(1). *Id.* Plaintiff has not filed a response and the deadline for doing so has passed.

The claims at issue in this case are that Plaintiff was attacked by another inmate and that Defendants did not protect her, despite her having advised the Defendant prison officials about the threats made against Plaintiff by the inmate who assaulted her. Doc. 1. Defendants have stated that "Plaintiff did not file any administrative claims[1] concerning the alleged inactions by the Defendants or the attack on April 1, 2007." Doc.

---

[1] Plaintiff is housed within the Bureau of Prisons [hereinafter "B.O.P."], which has an administrative grievance program. *See* 28 C.F.R. § 542.10 (2009). The B.O.P. regulations provide that an inmate "shall first present an issue of concern informally to staff . . . ." 28 C.F.R. § 542.13(a). The normal grievance process requires the filing of an informal grievance, § 542.13, and a formal grievance, § 542.14, at the institutional level. The "deadline" for filing one of these grievances at the institution is "20 calendar days following the date on which the basis for the Request occurred." § 542.14(a). If the grievance is denied at the institution, the prisoner may file an appeal to the regional level within 20 days of the date the Warden signed the response, followed by an appeal to the General Counsel at the central office within 30 days of the date that the Regional Director signed the response. § 542.15.

Case No. 4:10cv374-RH/WCS

24, p. 2.  Plaintiff's failure to respond to this argument leads to the conclusion that Plaintiff agrees with this statement of fact.

When the Prison Litigation Reform Act was enacted, Congress mandated that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a), *quoted in* doc. 24, p. 2.  The exhaustion requirement of § 1997e(a) is mandatory, whether the claim is brought pursuant to § 1983 or Bivens. Alexander v. Hawk, 159 F.3d 1321, 1324-26 (11th Cir. 1998); Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2382, 165 L.Ed.2d 368 (2006).  There is no discretion to waive this requirement or provide continuances of prisoner litigation in the event that a claim has not been exhausted prior to filing.  Alexander, 159 F.3d at 1325; *see also* Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002) (holding that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.").

Defendants have met their "burden of proving that the plaintiff has failed to exhaust his available administrative remedies." Turner v. Burnside, 541 F.3d 1077, 1082 (11th Cir. 2008).  Plaintiff has not responded to the motion, doc. 24, and the only conclusion to be reached on this evidence, therefore, is that the motion be granted and this case be dismissed.  Bryant v. Rich, 530 F.3d 1368, 1374-75 (11th Cir.), *cert. denied*, 129 S.Ct. 733 (2008) (finding that exhaustion is a "matter in abatement and not

generally an adjudication on the merits," thus, it should be raised and treated as a motion to dismiss).  Defendants' motion should be granted.

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendants' motion for judgment as a matter of law, doc. 24, be **GRANTED** and this case be **DISMISSED** for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997(e) and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on May 5, 2011.

 S/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**